UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C.L.K.,[1]

Plaintiff,

v.

SSA COMMISSIONER, et al.,

Defendants.

Case No. 25-cv-05729-AGT

**ORDER RESOLVING CLAIM FOR REVIEW UNDER 42 U.S.C. § 405(g)**

Re: Dkt. Nos. 11, 18

Plaintiff C.L.K. (Plaintiff) moves for the reversal of the decision of the Commissioner of Social Security (Defendant) and for an award of benefits. Dkt. 11-1. Defendant argues instead that reversal and remand of the administrative law judge's (ALJ) decision is appropriate. Dkt. 18.[2] For the following reasons, the Court reverses and remands Defendant's decision.

Plaintiff raises five issues on appeal: (1) whether a certain occupation is past relevant work, (2) whether the ALJ improperly addressed the medical opinion evidence, (3) whether the ALJ improperly rejected Plaintiff's testimony, (4) whether the ALJ improperly rejected lay witness testimony, and (5) whether the ALJ asked incomplete hypothetical questions of

[1] The plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] After the completion of briefing, Plaintiff filed a statement of supplemental authorities, dkt. 20, to which Defendant filed a response. Dkt. 21.

the impartial vocational expert. Dkt. 11-1.

Defendant argues that reversal with remand is appropriate here. Dkt. 18. As to the second issue, above, Defendant concedes that the ALJ erred in his consideration of the medical opinion evidence. *Id.* at 2–3.[3, 4]

In light of the parties' agreement that the ALJ erred when considering medical opinion evidence, the Court finds that reversal is the appropriate remedy here. The only dispute is whether this Court should order remand or the full payment of benefits.

* * *

Plaintiff argues that, under the credit-as-true rule, the Court should award full benefits. Dkts. 11-1 & 19. Defendant argues for remand. Dkt. 18.

Under the credit-as-true rule, a court "ask[s] whether the ALJ failed to provide legally sufficient reasons for rejecting evidence." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (cleaned up). "Next, [a court] determine[s] whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful." *Id.* (cleaned up).[5] Only "[w]hen these first two conditions are satisfied" does a court "credit the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Id.*

[3] Plaintiff replies that Defendant didn't oppose her argument regarding the medical opinion evidence, and thereby waived a response. Dkt. 19 at 2–3. But Defendant did respond in opposition by conceding twice that the ALJ erred in his evaluation of the medical opinion evidence. *See* dkt. 18 at 3 ("the Commissioner agrees that remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate for the ALJ to further consider the medical opinion evidence"). As such, Defendant didn't waive a response.

[4] Citations to the docket here include references to the Electronic Case Filing numbers at the top of each page.

[5] Some courts swap the first and second steps. *See, e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

"An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Id.* at 1044. Remand is appropriate if "conflicts and ambiguities [exist] in the record" such that "not all essential factual issues have been resolved." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). The decision is left to the court's discretion. *See id.*

Plaintiff argues, for example, that the Court must credit as true Dr. Gillum's statements in March 2024 that she (Plaintiff) would need unscheduled breaks every few minutes and would not be able to tolerate prolonged sitting. Dkt. 19 at 5. *See also* AR 1670–73.[6] Dr. Gillum further found that Plaintiff was limited to sedentary work. Dkt. 19 at 6.

Defendant responds that conflicting medical opinion evidence in the record creates outstanding issues of fact. Dkt. 18 at 3. Specifically, the two state examiners found that Plaintiff could engage in light work. AR 69–73 & 96–99. Furthermore, the Court notes that Plaintiff participated in an internal medicine evaluation in May 2023. AR 1179. That evaluator, Dr. Glantz, found that Plaintiff could sit for up to six hours in an eight-hour workday, and could stand or walk for the same. AR 1182. This is conflicting medical evidence.

Alternatively, Plaintiff argues that the Court must credit as true her testimony, and that of her daughter. Dkt. 11-1 at 23–26. The ALJ generally found the statements "concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms" "not entirely consistent with the medical evidence and other evidence in the record." AR 23. Plaintiff alleged disability based in part on her generalized anxiety disorder. AR 19. She testified at the hearing that she feels fatigued, anxious, and fragile, with a foggy brain. AR 39–43. It

[6] Citations to the Administrative Record (AR) correspond to the page numbers at the bottom right of each page.

takes her a longer time to focus, and she sometimes has difficulty remembering things. *Id.* She testified to some trouble with concentrating. *Id.* She leans on family and friends but does not attend therapy. AR 46.

In her function report, Plaintiff noted that anxiety caused her heart to race, and throat and chest to freeze. AR 299. It takes her longer to concentrate and complete tasks requiring focus. AR 304. She could follow instructions, but stress caused anxiety, panic attacks, and shakiness. AR 304–05.[7]

Here again, there is conflicting medical evidence and gaps in the record. It's unclear how frequently Plaintiff takes medication for her anxiety, as she appears to have a prescription for anti-anxiety medication which she takes "as needed." *See, e.g.*, AR 974 & 1186.

On June 7, 2023, Dr. Van conducted a psychological evaluation of Plaintiff, with largely unremarkable findings. He found no impairments in Plaintiff's ability to engage with simple, repetitive instructions; no impairment in her ability to engage with complex, detailed instructions; and no impairment in her ability to maintain effective social interaction consistently and independently. AR 1191. He found only a mild impairment in Plaintiff's ability to sustain "concentration, attention, consistency, and persistence in work-related activity at a reasonable pace." *Id.* Dr. Van lastly found a mild to moderate impairment in Plaintiff's ability to adapt to the usual stresses and pressures of a competitive work environment, noting that "[h]igh anxiety may pose moderate challenges to the claimant's ability to readily adapt to typical work stress." *Id.*

An assessment in June 2022 made similar findings. There, Dr. Simonian found that Plaintiff was not limited in following simple instructions or complex instructions, interacting

[7] Plaintiff's daughter's function report is similar. *See* AR 280–87.

with others, or performing activities without special supervision. AR 973–77. She was mildly limited in maintaining concentration and adaption, reacting to common workplace stressors, and maintaining attendance. *Id.*

In sum, outstanding issues must be resolved before a determination of disability can be made. Those unresolved factual disputes render a remand for an award of benefits inappropriate under the credit-as-true rule. *See Leon*, 880 F.3d at 1046–47 (emphasizing that "[t]he second step of the credit-as-true analysis requires us to determine whether the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps," prior to crediting as true). As such, a remand for additional administrative proceedings is warranted. On remand, Defendant shall further develop the record as necessary and shall issue a new decision.[8, 9]

**IT IS SO ORDERED.**

Dated: September 11, 2026

Alex G. Tse
United States Magistrate Judge

[8] Remand would further impact the first issue (past relevant work) because of a change in law that would apply, according to Defendant. Dkt. 18 at 3–4. The ALJ previously considered work performed in the past fifteen years to be past relevant work. *Id.* SSR 24-2p would apply on remand, and would limit consideration to work performed in the past five years. *Id.*

[9] Given this, the Court need not review Plaintiff's remaining argument regarding the hypotheticals posed to the vocational expert.